953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Leonida S. ONG, Defendant-Appellant.
 No. 91-10281.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 16, 1992.*
Decided Feb. 5, 1992.
 
 1
 Before SCHROEDER and T.G. NELSON, Circuit Judges, and CALLISTER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant, Leonida Siaotong Ong appeals from her conviction after jury trial from one count of credit card fraud in violation of 18 U.S.C. § 1029(a)(2). That statute criminalizes the conduct of any one who:
 
 
 4
 knowingly and with intent to defraud traffics in or uses one or more unauthorized access devices during any one-year period, and by such conduct obtains anything of value aggregating $1,000 or more during that period.
 
 
 5
 The statute further defines "unauthorized access device" to be "any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud." 18 U.S.C. § 1029(e)(3). The evidence in this case showed that in late 1986, Ong applied for and received four American Express cards that were canceled within a few weeks for non-payment. Nevertheless, by February 1991, the appellant had accrued an unpaid balance in excess of $80,000 on the four cards. This was accomplished by a calculated pattern of purchases under the amount which would require merchants to call in for authorization, and in some situations in collusion with merchants. Appellant displayed similar behavior with regard to a Diners Club Card she acquired from her sister in 1988 which was canceled a few weeks later.
 
 
 6
 Ong's conduct came within the clear language of the statute, for not only did she use credit cards that were revoked or canceled, but she had obtained the cards with the intention of defrauding.
 
 
 7
 Her sole contention on appeal is based on two sentences in the House Report accompanying the Act stating:
 
 
 8
 The Committee would distinguish between activity involving a criminal or an organized crime ring that traffics in this type of card, and activity which would involve a valid card owner who knowingly used an expired or revoked card. The latter activity is more appropriately handled by State and local authorities or in civil actions by credit card companies.
 
 
 9
 H.Rep. No. 98-894, reprinted in 1984 U.S.C.C.A.N. 3689, 3705.
 
 
 10
 Appellant asks us to hold that this language in the legislative history creates a limitation on the discretion of prosecutors to pursue defendants who violate the clear prohibitions of the Act. Assuming arguendo such a holding were appropriate, the appellant violated the narrow version of the Act for which she argues. Obtaining multiple cards from a variety of sources with the intent to defraud and using them as she did takes her out of the realm of the valid card owner who "knowingly used an expired or revoked card."
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Marion J. Callister, United States District Judge for the District of Idaho, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3